

**ORDERED in the Southern District of Florida on September 23, 2016.**

John K. Olson, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                                              Case No.: 16-16643-JKO
                                                                                    Chapter 11
ALEX S. CHISHOLM

       Debtor.
_____/

ORDER GRANTING MOTION
TO VALUE AND DETERMINE SECURED STATUS OF LIENS
AND UN-RECORDED STATUTORY LIENS ON 1514 NW 183 TERRACE, PEMBROKE
PINES, FLORIDA, HELD BY SILVER LAKES COMMUNITY ASSOCIATION INC.
FOR PENALTIES AND ASSESSMENTS (DE 46, AS AMENDED AT DE 57)

**THIS MATTER,** came before the Court on Tuesday, September 12, 2016, at 10:30 a.m. to consider the Debtor's *Motion to Value and Determine Secured Status of Liens And Un-Recorded Statutory Liens on 1514 NW 183rd Terrace, Pembroke Pines, Florida Held By Silver Lake Community Association, Inc. ("Silver Lakes") For Penalties And Assessments* (the "Motion") (DE 46, as Amended at DE 57).

The Real Property known as 1514 NW 183rd Terrace, Pembroke Pines, Florida, and more particularly described as:

**LOT 37 OF SILVER LAKES AT PEMBROKE PINES, RESIDENTIAL PARCEL A, ACCORDING TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 149, PAGE 29, PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.**

(the "Real Property"), is encumbered by a mortgage originally held by World Savings Bank, FSB which was executed on June 29, 2006 and recorded on July 19, 2006 in the Broward County Public Records in the face amount of $520,000.00 at Book 42422, Page 1131 ("Mortgage"). World Savings Bank was acquired by Wachovia Bank. Subsequently, in 2011 Wachovia was taken over by Wells Fargo Bank, which holds the mortgage presently. There have been no assignments of the mortgage of record.

The Mortgage, as of the date of the filing of this bankruptcy had a balance of approximately $556,664.00. No proof of claim has been filed by Wells Fargo. Silver Lakes has three (3) liens recorded on:

   A. April 27, 2009 at Book 46169 Page 779 of Broward County for $2,479.26
   B. December 8, 2009 at Book 46716 Page 1278 of Broward County for $3,785.00
   C. January 10, 2012 at Book 48439 Page 556 of Broward County for $19,579.36

Based on an appraisal done by the Broward County Property Appraiser, Debtor asserts that the value of the Real Property is $416,290.00.

Pursuant to Florida Statute Section 720, Silver Lakes may also hold an unrecorded "silent" statutory lien for any outstanding assessments issued by the HOA against the Real Property for fees for maintenance, repairs and improvements. Debtor asserts that Silver Lakes has assessed fees and penalties against the Real Property for which no recorded lien has been filed. No proof of claim has been filed by Silver Lakes.

The Court having reviewed the record, noting no opposition to the Motion, does hereby **ORDER** as follows:

1. The value of Real Property located at 1514 NW 183 Terrace, Pembroke Pines, Florida is $392,940.00.

2. The Debtor's Motion is **GRANTED**, to the extent that Silver Lakes may not seek to collect the underlying debt from the Debtor during the pendency of this bankruptcy case or following discharge of this bankruptcy case.

3. Silver Lakes' right to collect the underlying debt shall remain fully preserved with respect to the joint and several liability of subsequent owners(s) of the property, as established pursuant to Fla. Stat. § 720.

4. The claim of Silver Lakes is classified as a general unsecured claim.

5. Silver Lakes' filed and silent unfiled liens, if any, on the Real Property are void and extinguished automatically, without further order of this Court, upon the Debtor's discharge.

5. Should the Debtor fail to complete all plan payments, fail to obtain a discharge, or this case is dismissed or converted to Chapter 7, the original liens shall remain in full effect.

7. The lien is not enforceable *in personam* against the Debtor. However, the lien remains on the property and is enforceable against subsequent owners.

###

Order Submitted by:

Chad T. Van Horn, Esq.
VAN HORN LAW GROUP, P.A.
330 N. Andrews Ave., Suite 450
Fort Lauderdale, Florida 33301
(954) 765-3166
(954) 756-7103 (facsimile)
Chad@cvhlawgroup.com

(Attorney Van Horn is directed to serve a conformed copy of this Order on all appropriate parties and file a certificate of service in connection therewith.)